UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YVETTE SPANN,

        Plaintiff,

v.                                                    Case No.  8:24-cv-961-JSM-SPF

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, it is recommended that the Commissioner's decision be affirmed.

### I.    Procedural Background

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 165–73, 174–83).   The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 207–26, 236–53).  Plaintiff then requested an administrative hearing (Tr. 254–55).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 59–83).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 39–51).  Subsequently, Plaintiff requested review from the Appeals Council, which the

Appeals Council denied (Tr. 1–6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1956, claimed disability beginning March 17, 2020 (Tr. 165, 174). Plaintiff has attended two years of college (Tr. 166, 175). Plaintiff's past relevant work experience included work as a hair stylist and a vocational training instructor (Tr. 49). Plaintiff alleged disability due to digestive issues, right knee pain, panic attacks, anxiety, and PTSD (Tr. 165, 174).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through September 30, 2020 and had not engaged in substantial gainful activity since March 17, 2020, the alleged onset date (Tr. 41). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: irritable bowel syndrome ("IBS") and right knee osteoarthritis (*Id.*). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 44). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, "except pushing and pulling with the right lower extremity is limited to occasional. Postural activities are limited to occasional but never climbing ladders, ropes, or scaffolds. The claimant cannot have more than occasional exposure to extreme cold, humidity, and workplace hazards such as unprotected heights and moving machinery." (Tr. 45). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's

subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 46).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform her past relevant work as a hair stylist and vocational training instructor (Tr. 49–50). Accordingly, the ALJ found Plaintiff not disabled (Tr. 50).

### III.    Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential

review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## IV. Analysis

Plaintiff argues here that the ALJ erred in her assessment of Plaintiff's RFC and her evaluation of the medical opinion of Nurse Practitioner Aslien Reyes Leon. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

### A. RFC

Plaintiff first argues that the ALJ erred in her assessment of Plaintiff's RFC. In particular, Plaintiff takes issue with the ALJ's failure to include limitations caused by Plaintiff's IBS, despite finding IBS to be a severe impairment. The Commissioner responds that the ALJ's RFC determination is supported by substantial evidence. The Court agrees.

A claimant's RFC is the most work she can do despite any limitations caused by her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In formulating a claimant's

RFC, the ALJ must consider all impairments and the extent to which they are consistent with medical evidence. 20 C.F.R. §§ 404.1545(a)(2), (e), 416.945(a)(2), (e). An ALJ may not arbitrarily reject or ignore uncontroverted medical evidence. *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) (administrative review must be of the entire record; ALJ cannot point to evidence that supports the decision but disregard other contrary evidence). In the end, a claimant's RFC is a formulation reserved for the ALJ, who must support her findings with substantial evidence. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c); *Beegle v. Comm'r of Soc. Sec.*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive."); *Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (the assessment of a claimant's RFC and corresponding limitations are "within the province of the ALJ, not a doctor").

Here, in the course of her RFC analysis, the ALJ thoroughly discussed Plaintiff's subjective complaints, the objective medical evidence, and the medical opinions relating to Plaintiff's IBS. With respect to Plaintiff's subjective complaints, the ALJ stated:

> Due to IBS, the claimant asserts that she can be in the bathroom up to 30 minutes at a time and bowel movements can happen 3-4 times per day which affects and prevents normal activities. She also experiences frequent abdominal pain and cramping. The claimant has flares of IBS and usually stays home or only goes to the grocery store where she rides in a cart. Flares occur on a daily basis. Secondary to IBS, the claimant has debilitating fatigue and feeling tired.

(Tr. 46). The ALJ then determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her

symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 46).  The ALJ then thoroughly discussed that objective medical evidence:

> With regard to IBS and related symptoms, the undersigned first notes that none of the records note any objective observations of bowel incontinence or accidents, or leaving the examination room to use the facilities during office visits, despite the **daily** IBS flares the claimant alleges.  The claimant presented for to the hospital on March 26, 2021 and was released on March 28, 2021 and treated for complaints of intractable vomiting and on and off abdominal pain.  However, she reported that she had been having normal bowel movements.  The review of systems is negative for fatigue, sleeping problems, and weight loss, as well as back pain, swelling in joints anxiety, and depression.  The physical examination reports that the claimant was well nourished, in no acute distress or pain, normal and audible bowel sounds, soft abdomen with only mild tenderness, and no pitting edema in the extremities.  Additionally, full range of motion of the extremities and intact sensation was reported.  It is noted that a CT scan showed constipation without bowel obstruction or inflammatory changes.  Notably, the claimant did not report daily flares of IBS or having bowel movements frequently throughout the day.  She presented for outpatient care on April 19, 2022 and complained of constipation and abdominal bloating.  She did complain of fatigue and tiredness but did not report frequent bowel movements multiple times per day or abdominal pain and cramping.  Also, the examination reports well nourished, no acute distress, soft, nontender, and nondistended abdomen no edema in the extremities, normal motor strength in the upper and lower extremities, and intact sensory.  Irritable bowel syndrome with constipation was assessed. It is noted that the claimant did not report frequent daily bowel movements, daily IBS flares, disabling fatigue, or dehydration.  The claimant presented again in October 2022 and did voice complaints regarding bowel movements and severe bloating.  However, the record does not report complaints of frequent daily bowel movements, and does not report examination findings of weight loss or dehydration.  In fact, the claimant was found to be well nourished and in no acute distress with soft, nontender, and nondistended abdomen and present normal bowel sounds. The claimant was prescribed a new medication for IBS with constipation.
>
> Primary care records in November 2021 report that the claimant was applying for Social Security Disability and wanted to make sure that the notes reflect the severity of her conditions.  The claimant reported

> alternating constipation and diarrhea and sometimes incontinence of stool
> and also has bouts of anxiety and panic attacks.  The claimant did report
> diminished activity and fatigue but reported no significant weight change,
> good appetite, happy/content and that she walks without restrictions. The
> physical examination is almost entirely normal.  The claimant's general
> appearance was healthy-appearing, well-nourished and ambulating
> normally.  The examination findings specifically report no edema in the
> extremities, normal gait and station, and grossly intact sensation.

(Tr. 46–47 (exhibit citations omitted) (emphasis in original)).

> Later, in the context of her opinion evaluation, the ALJ stated:

> Although the undersigned finds that IBS is a severe impairment, the
> evidence does not support more restrictive limitations than those assessed
> by the state agency medical consultants.  As discussed above, the records
> generally consistently report that the claimant was in no acute distress and
> was well nourished, and do not report fecal incontinence during office visits
> or that she had to leave abruptly to use the facilities.

(Tr. 48).  She then found the opinion of NP Reyes Leon[1] not persuasive, in part because

her discussion of Plaintiff's IBS was not supported by or consistent with the evidence:

> First, chronic diarrhea and abdominal distension is reported.  However, the
> supporting records attached report IBS with constipation, not chronic
> diarrhea.  Also, the physical examinations report soft, nontender, and
> nondistended abdomen.  The opinion also reports that the claimant's
> symptoms include exhaustion and dehydration.  However, as indicated
> above, the records repeatedly report that the claimant was well nourished
> and do not report any signs of appearing dehydrated including the records
> attached for supporting evidence. In terms of exhaustion, the records also
> fail to report that the claimant appeared unwell, fatigued, tired, or
> otherwise.

(Tr. 49).

---

[1] Because Plaintiff also argues that the ALJ erred in her analysis of NP Reyes Leon's
opinion, this is discussed more fully in the next section.

Plaintiff first argues that the ALJ erred in her evaluation of Plaintiff's IBS because she failed to discuss certain medical records related to Plaintiff's IBS—namely, (1) Plaintiff's May 2021 allegation of abdominal wall pain (Tr. 605–06); (2) Plaintiff's episodes of diarrhea and vomiting during a March 2021 hospitalization (Tr. 731); and (3) Plaintiff's complaints of worsening constipation in December 2022 (Tr. 828–29).  First, the ALJ did discuss Plaintiff's March 2021 hospitalization, note Plaintiff's complaints of abdominal pain, and reference her December 2022 gastroenterology visit (*See* Tr. 46 ("The claimant presented for to [sic] the hospital on March 26, 2021 and was released on March 28, 2021 and treated for complaints of intractable vomiting and on and off abdominal pain."); Tr. 49 (stating that the records "report IBS with constipation, not chronic diarrhea" and citing to the medical records that include the December 2022 gastroenterology visit)).  "In all events, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision, so long as the ALJ's decision, as was *not* the case here, is not a broad rejection which is 'not enough to enable [the Court] to conclude that [the ALJ] considered her medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1987)) (alterations added) (emphasis in original).  As set forth above, the ALJ thoroughly discussed Plaintiff's subjective complaints related to her IBS, the objective medical evidence related to her IBS, and the medical opinions related to her IBS.

Plaintiff then argues that the ALJ erred because, despite finding IBS to be a severe impairment, the ALJ did not account for any time off task due to the need for additional restroom breaks or due to distraction from severe abdominal pain and cramping.  As an

initial matter, the Court rejects Plaintiff's arguments that the ALJ was required to include specific limitations (such as time off task) caused by IBS into her RFC simply because the ALJ found IBS to be a severe impairment. *See, e.g., Mancini v. Comm'r of Soc. Sec.*, No. 2:19-cv-798-JLB-NPM, 2021 WL 1087270, at *1 (M.D. Fla. Mar. 22, 2021) ("The Court cautions, however, this it does not agree with [the plaintiff's] hardline position that every 'severe impairment' must be linked to a specific limitation in the RFC."); *Sorenson v. Berryhill*, No. 8:16-cv-3500-T-DNF, 2018 WL 1225106, at *4 (M.D. Fla. Mar. 9, 2018) ("Diagnoses of impairments do not require the imposition of certain specific limitations in an RFC assessment."); *Owens v. Colvin*, No. 3:15-cv-409-J-BJT, 2015 WL 12856780, at *2 (M.D. Fla. Oct. 15, 2015) ("Severe impairments do not necessarily result in specific functional limitations. . . . If no specific functional limitations from a severe impairment exist, the ALJ need not include a corresponding limitation for that impairment in the RFC."); *Fortner v. Astrue*, No. 4:12-CV-00986, 2013 WL 3816551, at *6 (N.D. Ala. July 22, 2013) ("The ALJ may thus 'incorporate' a claimant's severe impairments into an RFC by acknowledging and weighing those impairments in his report, without the impairments necessarily resulting in an imposition of impairment-specific work limitations in the RFC."); *see also Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (stating that "the mere existence" of an impairment "does not reveal the extent to which [it] limit[s] [a claimant's] ability to work or undermine the ALJ's determination in that regard").

In support of her argument, Plaintiff cites to *Raduc v. Comm'r of Soc. Sec.*, 380 F. App'x 896, 898–99 (11th Cir. 2010). In *Raduc*, the Eleventh Circuit found that an ALJ erred by finding the claimant's IBS to be a severe impairment but failing to include

limitations caused by the IBS in the RFC assessment and ignoring treating records for IBS. As at least one court in this circuit has already explained, *Raduc* "does not stand for the conclusion that an ALJ must include limitations in an RFC based on any particular severe impairment." *Scott v. Kijakazi*, No. 1:21-cv-293-JTA, 2023 WL 2292582, at *6 n.5 (M.D. Ala. Feb. 28, 2023). Instead, there was "specific testimony and an opinion from a treating physician in *Raduc* that the claimant was limited by her IBS, *all of which the ALJ ignored.*" *Id.* (emphasis added). Here, the ALJ did not ignore Plaintiff's subjective complaints or any medical opinions. Instead, the ALJ thoroughly explained how she considered Plaintiff's IBS, and ultimately found Plaintiff's subjective complaints not entirely consistent with the evidence in the record and NP Reyes Leon's opinion to be unpersuasive. *Cf. Mancini*, 2021 WL 1087270, at *1 ("[I]n some circumstances—where nothing in the record reveals whether the ALJ considered the effect of the impairment in assessing the RFC—reversal may be appropriate.").

Finally, the Court notes that the ALJ's finding that Plaintiff's IBS does not result in "more restrictive limitations," such as time off task, is supported by substantial evidence. As discussed above, the ALJ noted that there is no evidence of any bowel incontinence or accidents or Plaintiff having to leave the examination room to use the facilities, despite Plaintiff's allegation of daily IBS flares (Tr. 46). While Plaintiff went to the hospital for vomiting and abdominal pain, she reported having normal bowel movements, and physical examination reports showed her to be well-nourished, in no acute distress or pain, with normal and audible bowel sounds (Tr. 46–47). And notably, Plaintiff did not report daily flares of IBS or having bowel movements frequently

11

throughout the day (Tr. 47). Indeed, the ALJ emphasized that Plaintiff primarily complained of constipation, not diarrhea or incontinence (Tr. 47, 49, 617, 634, 813, 817, 828).

Plaintiff's argument is, in essence, that there is evidence in the record that could support a different RFC determination. This is outside of the scope of this Court's review. *See Moore*, 405 F.3d at 1213 ("To the extent that Moore points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from 're-weigh[ing] the evidence or substitut[ing] our own judgment for that [of the Commissioner]'....") (alterations in original). The question is not whether there is evidence in the record supporting a finding that Plaintiff's RFC should contain limitations for time spent off task, but whether the ALJ's finding that Plaintiff's IBS does not require additional limitations for time spent off task is supported by substantial evidence. Here, for the reasons explained above, it is.

## B.    Medical Opinions

Plaintiff next argues that the ALJ erred in her evaluation of the opinion of nurse practitioner Aslien Reyes Leon because the ALJ's reasons for discounting the opinion are insufficient. The Commissioner responds that the ALJ properly evaluated NP Reyes Leon's opinion for supportability and consistency and the ALJ's analysis is supported by substantial evidence.

Before March 27, 2017, Social Security Administration ("SSA") regulations codified the treating physician rule, which required the ALJ to assign controlling weight

to a treating physician's opinion if it was well supported and not inconsistent with other record evidence.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).  Under the treating physician rule, if an ALJ assigned less than controlling weight to a treating physician's opinion, he or she had to provide good cause.  *See Winschel v. Comm'r of Soc. Sec*, 631 F.3d 1176, 1178–79 (11th Cir. 2011).  Here, revised SSA regulations (published on January 18, 2017, and effective on March 27, 2017) apply because Plaintiff filed her claim in 2021 and alleged disability beginning March 17, 2020 (Tr. 39).  The revised regulations eliminate the treating physician rule.  *See Harner v. Comm'r of Soc. Sec.*, 38 F.4th 892, 897 (11th Cir. 2022).

The new regulations require an ALJ to apply the same factors when considering the opinions from *all* medical sources.  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  As to each medical source, the ALJ must consider: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding."  20 C.F.R. §§ 404.1520c(c), 416.920c(c).  But the first two factors are the most important: "Under the new rule, the SSA will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency."  *Mackey v. Saul*, No. 2:18-cv-02379-MGL-MGB, 2020 WL 376995, at *4 n.2 (D.S.C. Jan. 6, 2020) (while there are several factors ALJs must consider, "[t]he most important factors ... are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section).") (citing 20 C.F.R. § 404.1520c(a),(c)(1)-(2)).

"Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to

support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Put differently, the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records; and (2) consistent with the other evidence of record. *See Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (Apr. 21, 2021).

The new regulations also change the standards the ALJ applies when articulating his or her assessment of medical source opinions. An ALJ need not assign specific evidentiary weight to medical opinions based on their source. *See Tucker v. Saul*, No. 4:19-cv-759, 2020 WL 3489427, at *6 (N.D. Ala. June 26, 2020). While the ALJ must explain how he or she considered the supportability and consistency factors, the ALJ need not explain how he or she considered the other three factors.[2] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). And, in assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors

---

[2] The exception is when the record contains differing but equally persuasive medical opinions or prior administrative medical findings about the same issue. *See* 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

on a source-by-source basis – the regulations do not require the ALJ to explain the consideration of each opinion from the same source.  *See* 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).  In general, "[c]ourts recognize the new regulations erect a framework that is highly deferential to the Commissioner."  *Anthony v. Kijakazi*, No. CV-120-110, 2021 WL 4304725, at *4 (S.D. Ga. Sept. 3, 2021), *report and recommendation adopted*, 2021 WL 4304721 (Sept. 21, 2021).

On December 29, 2022, NP Reyes Leon completed an "Irritable Bowel Syndrome Impairment Questionnaire" in which she stated that Plaintiff suffered from chronic diarrhea, abdominal pain and cramping, and abdominal distention (Tr. 820–23).  She stated that Plaintiff has moderate to severe abdominal pain every day and recommends that Plaintiff stay home and near a restroom at all times (Tr. 820).  As a result of Plaintiff's IBS, NP Reyes Leon opined that Plaintiff can walk zero city blocks, cannot stand for longer than five minutes at one time, cannot sit for longer than fifteen minutes at one time, and can only sit or stand for less than two hours total in an eight-hour workday (Tr. 821).  She also opined that Plaintiff needs to use the restroom every thirty minutes for ten to twenty minutes at a time, with no advanced notice (Tr. 822).  Plaintiff needs to lie down for twenty to thirty minutes at least once in an eight-hour shift due to exhaustion and dehydration.  Plaintiff can never twist, stoop/bend, crouch/squat, climb ladders, or climb stairs.  Plaintiff would likely be "off task" for 25% or more of the workday, is incapable of even "low stress" work, and would be absent from work more than four days per month (Tr. 822–23).

The ALJ said the following regarding NP Reyes Leon's opinion:

> The opinion from nurse practicioner [sic] Aslien Reyes Leon of Digestive Disease Associates is not persuasive. The opinion cites and discusses the claimant's symptoms of IBS. However, the opinion is not supportable or consistent with the evidence. First, chronic diarrhea and abdominal distension is reported. However, the supporting records attached report IBS with constipation, not chronic diarrhea. Also, the physical examinations report soft, nontender, and nondistended abdomen. The opinion also reports that the claimant's symptoms include exhaustion and dehydration. However, as indicated above, the records repeatedly report that the claimant was well nourished and do not report any signs of appearing dehydrated including the records attached for supporting evidence. In terms of exhaustion, the records also fail to report that the claimant appeared unwell, fatigued, tired, or otherwise. The opinion also indicates significant difficulty sitting, standing and walking such that she cannot even walk a city block or stand for more than 5 minutes at a time and can only sit for 15 minutes at a time. However, none of the records from Digestive Disease Associates or other records, including the records attached, report any observations of difficulty ambulating or moving about or discomfort while sitting in the examination room. Also, primary care records specifically show that the claimant reported no restrictions in walking and objective findings of normal gait and station and ambulating normally. The opinion also cites records from provider Dr. Ahmed which reports a colonoscopy in June showing polyps which were removed. The record cited also reports that diet changes had helped alleviate symptoms. It is further noted that a repeat colonoscopy was not recommended for 3 years. Thus, the very severe disabling symptoms reported in this opinion are not supportable or consistent with the evidence and not persuasive.

(Tr. 49). The ALJ's consideration of NP Reyes Leon's opinion complied with the regulatory requirements as she addressed both the consistency and supportability factors.

With respect to the supportability factor, the ALJ explained that the opinion reports chronic diarrhea and abdominal distension, but the supporting records report IBS with constipation, not chronic diarrhea, and the physical examinations report soft, nontender, and nondistended abdomen (Tr. 724–26, 813–18, 828–29). The ALJ explained that the opinion reports Plaintiff's symptoms to include dehydration and exhaustion, but

16

the records from Digestive Disease Associates do not report any signs of dehydration or comment that Plaintiff appears fatigued in any way (*Id.*).  Finally, the ALJ noted that the opinion indicates Plaintiff has significant difficulty sitting, standing and walking such that she cannot even walk a city block or stand for more than 5 minutes at a time and can only sit for 15 minutes at a time, but the records from Digestive Disease Associates do not report any observations of difficulty ambulating or moving about or discomfort while sitting in the examination room (*Id.*).  This is substantial evidence in support of the ALJ's supportability analysis.

As to the consistency factor, the ALJ notes that the opinion lists dehydration and exhaustion as symptoms, but the medical records repeatedly report that Plaintiff was well-nourished and do not report any signs of dehydration or fatigue (Tr. 554, 633, 724–26, 752).  The ALJ then noted that the opinion indicates significant difficulty sitting, standing and walking such that she cannot even walk a city block or stand for more than 5 minutes at a time and can only sit for 15 minutes at a time, but no medical record reports observations of difficulty ambulating or moving about or discomfort in the examination room (Tr. 600, 633, 807).  Moreover, the ALJ noted that primary care records specifically show Plaintiff reported no restrictions in walking, had a normal gait, and was ambulating normally (Tr. 750, 752).  This is substantial evidence in support of the ALJ's consistency analysis.

Plaintiff argues that the ALJ's evaluation of NP Reyes Leon's opinion is not supported by substantial evidence because the ALJ ignored the evidence that supports NP Reyes Leon's opinion.  In particular, Plaintiff argues that the ALJ improperly discounted

Plaintiff's problems with unpredictable diarrhea when the medical evidence establishes that Plaintiff has IBS with both diarrhea and constipation. The Commissioner responds that Plaintiff is improperly asking the Court to reweigh the evidence already evaluated by the ALJ. The Court agrees.

As an initial matter, the ALJ did not simply ignore Plaintiff's complaints of diarrhea—she specifically noted that, in October 2022, Plaintiff voiced complaints regarding bowel movements, but did not report frequent daily bowel movements (Tr. 47). The ALJ also noted that Plaintiff "reported alternating constipation and diarrhea and sometimes incontinence of stool" to her primary care provider (*Id.*). But ultimately, the ALJ found that the medical evidence primarily reflected complaints of constipation, not diarrhea or incontinence (*Id.*). And as discussed in the previous section, the ALJ's finding that Plaintiff's IBS does not result in more restrictive limitations is supported by substantial evidence. The ALJ noted that there is no evidence of any bowel incontinence or accidents or Plaintiff having to leave the examination room to use the facilities, despite Plaintiff's allegation of daily IBS flares (Tr. 46). While Plaintiff went to the hospital for vomiting and abdominal pain, she reported having normal bowel movements (*Id.*). And at Plaintiff's visits to Digestive Disease Associates—where she sought treatment for her IBS—she did not report frequent daily bowel movements (Tr. 47). Plaintiff's argument is, once again, that there is evidence in the record that could support a different analysis of NP Reyes Leon's opinion. This is outside of the scope of this Court's review. *See Gogel v. Comm'r of Soc. Sec.*, No. 2:20-CV-366-MRM, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20,

18

2021) ("[S]imply because other evidence of record supports a different conclusion does not require remand.").

Finally, Plaintiff argues that the ALJ erred by failing to identify an opinion that was inconsistent with NP Reyes Leon's opinion. The Commissioner challenges Plaintiff's failure to cite any authority requiring ALJs to rely on one medical opinion to discount another. The Commissioner is correct – the ALJ need not rely on an inconsistent medical opinion to find a different medical opinion unpersuasive. Instead, the ALJ need only consider the factors outlined the regulations and articulate how she considered the supportability and consistency factors. *See* 20 C.F.R. §§ 404.1520c(a)–(c), 416.920c(a)–(c); *cf. Rodriguez v. Comm'r of Soc. Sec.*, No. 6:20-cv-1674-MRM, 2022 WL 807443, at *6–7 (M.D. Fla. Mar. 17, 2022) (finding ALJ's analysis of medical opinions to be sufficient where ALJ found medical opinions to be inconsistent with "medical records documenting largely normal and stable physical functioning, effective treatment, and [Plaintiff's] robust activities of daily living") (alteration in original).

The Commissioner further responds that, even assuming the ALJ had to rely on an inconsistent medical opinion, there is no error because the ALJ found the opinions of the state agency medical consultants to be generally persuasive (Tr. 48). In her Reply, Plaintiff argues that, because the state agency medical consultants did not review Plaintiff's more recent medical records from Digestive Disease Associates, their opinions do not constitute substantial evidence in support of the ALJ's decision.[3] In support of this

---

[3] In her initial brief, Plaintiff did not raise any challenges to the ALJ's evaluation of the state agency medical consultants' opinions. Normally, the Court does not address arguments made for the first time in a Reply. *See* Doc. 9 (stating that Plaintiff's Reply

argument, Plaintiff relies on *Billups v. Comm'r of Soc. Sec.*, No. 5:18-cv-12-Oc-PRL, 2019 WL 1305977, at *4 (M.D. Fla. Mar. 13, 2019). In *Billups*, the Court found the ALJ's decision was not supported by substantial evidence because the ALJ relied on outdated opinions from the state agency medical consultants who did not review important evidence generated soon after their opinions. *Id.* at *3. The reasoning in *Billups* is inapplicable here for several reasons.

First, the case was decided under the old regulations in which ALJs were required to give substantial weight to the opinions of treating physicians unless good cause was shown for disregarding them. And in their evaluation of medical opinions, ALJs were required to consider (1) whether the source examined the claimant; (2) whether the source treated the claimant over a time period; (3) how well the source's opinion is supported by evidence; (4) the consistency between the opinion and the record as a whole; (5) the specialization of the source; and (6) any other factor brought to the ALJ's attention. 20 C.F.R. §§ 404.1527(c), 404.927(c). In *Billups*, the opinions of the state agency medical consultants were inconsistent with the newer treatment notes from the plaintiff's treating physician, and the ALJ failed to adequately demonstrate that he considered this new evidence (that was entitled to greater weight). Whereas here, as discussed throughout this

---

must only "respond to legal or factual assertions raised in the Commissioner's brief" and "may assert no new legal theory or claim for relief"); *see also Vargas v. Michaels Stores, Inc.*, No. 8:16-cv-1949-T-33JSS, 2017 WL 3174058, at *2 (M.D. Fla. July 26, 2017) (noting that "district courts ordinarily do not consider new arguments raised in reply briefs" unless they "address unexpected issues raised for the first time by the opposing party's response"). Because this argument *arguably* relates to Plaintiff's initial argument regarding the ALJ's evaluation of NP Reyes Leon's opinion, the Court briefly addresses it.

opinion, the ALJ thoroughly discussed the treatment records from Digestive Disease Associates and NP Reyes Leon's opinion (which is not entitled to greater weight).

Moreover, here, unlike in *Billups*, the ALJ did not simply adopt the findings of the state agency consultants in their entirety without finding any additional limitations despite the new evidence. Instead, the ALJ acknowledged that the state agency consultants did not have the benefit of Plaintiff's records from Digestive Disease Associates, and then stated that although she found IBS to be a severe impairment, "the evidence does not support more restrictive limitations than those assessed by the state agency consultants" because "the records generally consistently report that claimant was in no acute distress and well nourished, and do not report fecal incontinence during office visits or that she had to leave abruptly to use the facilities" (Tr. 48). Despite this finding, the ALJ ultimately determined that "the evidence of combined impairments is more consistent with slightly more restrictive postural limitations" and "more restrictive environmental limitations" (*Id.*). *See Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (finding ALJ did not give undue weight to non-examining physicians' opinions where "ALJ did not unconditionally adopt those non-treating opinions because the ALJ found that [the plaintiff] was *more* limited than those opinions concluded" and noting that "even if the non-examining doctor was unable to review all of [the plaintiff's] medical records before making her RFC determination, . . . the ALJ, who made the ultimate determination, had access to the entire record"). Thus, the ALJ did not err in finding the state agency consultants' opinions to be persuasive while finding NP Reyes Leon's opinion to be unpersuasive.

The undersigned reiterates that, when reviewing an ALJ's decision, the Court's job is to determine whether the administrative record contains enough evidence to support the ALJ's factual findings. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* at 103. In other words, the Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). On this record, Plaintiff's arguments fail.

## V.    Conclusion

Accordingly, for the foregoing reasons, it is hereby RECOMMENDED:

1.    The decision of the Commissioner be AFFIRMED.

2.    The Clerk be directed to enter final judgment in favor of the Defendant and close the case.

IT IS SO REPORTED in Tampa, Florida, on July 10, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

22

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.